Bentley, J.
Joel H. Norton and T. M. Meinhart brought suit on petition in error against Margaret Parker to reverse a judgment for two thousand dollars that Margaret Parker obtained against them in the court of common pleas in an action prosecuted by her therein and in which an attachment was issued. Her petition in the court of common pleas charges “That on or about December 7, 1887, the said defendants, T. H. Meinhart, whose full first name is unknown to the plaintiff, and Joel H. Norton, conspiring together to cheat and defraud the plaintiff, and in order to induce the plaintiff to purchase the whole of the furniture of two houses situated on Michigan avenue, in the city of Chicago, known as *716 numbers 13¿¡8 and 1880,and which had theretofore been and was intended to be used for a boarding house,and pay them, the said defendants, therefor a large sum of money, to-wit, five thousand dollars, falsely and fraudulently and with intent to deceive the plaintiff represented to the plaintiff that the business of said house which had been theretofore carried on by said Meinhart, was a successful and profitable business, and that during the two years next preceding that time said Meinhart bad carried on the same as such boarding house, and that the said business had paid him a net profit of from two hundred to five hundred dollars per month, and that said Meinhart had made a contract with the owner of said property for an extension of the lease of said premises on the same terms on which it had been theretofore leased by said Meinhart and for any length of time the plaintiff might desire. That the plaintiff, relying upon such representations and with no notice of their falsity, but fully believing the same to be in all respects true, purchased all said furniture and paid said defendant a large part of said purchase price, to-wit, the sum of two thousand dollars.” Then the petition proceeds to set forth that said representations so made by the defendants were false and known to be false at that time by the defendants below; that the said businsss carried on by Meinhart at that place had, on the contrary, been a losing business and not profitable, as the defendants below well knew, and that, as a matter cf fact, there was no contract to renew said lease and that the lease could not be renewed; that the defendants below knew that, and that by means of these false representations they induced the plaiutiff to purchase this boarding house property, which without a renewal of the lease, would have been of very little value, as is stated in the petition,and charges that she has sustained damages by reason of the premises in the sum of twenty-five hundred dollars, she having paid about two thousand dollars cf the consideration money already.
An attachment was issued in the case and notice of garnishment served on the Ketcham National Bank. That branoh of the matter has already been before this court.
The defendants did not question the petition in any way by demurrer — did not call in question its sufficiency — but each of them filed an answer containing general denials, and the case proceeded to trial to a jury,and the jury rendered a verdict for upwards of two thousand dollars, against both defendants.
There was a motion for a new trial, which was overruled, *717 and it is claimed that a bill of exceptions was duly allowed and made a part of the record-, embodying alhof the evidence and exhibiting the full proceedings of the court in the case.
This is a oe-tition in error filed here to reverse the judgment, and it assigns the following errors:
“1. That said verdict is not sustained by sufficient evidence.
“2. That said verdict is contrary to law.
“33. For errors of law occurring at the trial add excepted to by the plaintiffs in error.
• “4. That the court erred in overruling the motion of plaintiffs in error for a new trial and entering judgment on said verdict.”
The defendant in error claims that this bill of exceptions is not properly a part of the record, and should not be considered so far as it claims tc set forth all of the testimony and exhibits and any error based upon the overruling of the motion for a new trial for the reason that the verdict was not sustained by sufficient evidence. The entry at the trial term is as follows — -the case being tried at the January term, 18S9 — “To all which the defendant by their counsel then and there excepted and on their motion said defendants are allowed thirty days from the adjournment of this 'court within which to have their bill of exceptions allowed and signed, and it is ordered that when so allowed and signed within said time, said bill shall be filed and thereupon be and become a part of the record in this case. And the journal of this term shall be kept open for thirty days after its adjournment for an entry of such allowance to be made thereon. ”
The April term of the court began before the expiration of the thirty days after the close of the January term — -perhaps the January term closed upon the morning of the same day at which the*April term began — -on April 18, 1889.
The next entry upon the journal as originally certified, is this: “On May 4, 1889, an entry in said cause was made which appears on the journal of said court in the words and figures as follows, viz.(Giving the title and number of the case.) “On this 4th day of May, 1889, came the defendants and presented to the court their certain bill of exceptions herein, which being found by the court to be true is allowed, signed and sealed, and is hereby made part of the record of this cause. ’ ”
An amended certificate as to that journal entry has been filed in this case since this case came into this court, and is as follows: “On the 4th day of May, 1889, being within *718 thirty days of the closing of the January term, 1889, there was filed in this cause an order, an entry of which appears on the journal of said court, being the journal of the January term, 1889, in the words and figures as follows to-wit:” (Giving the title aüd number of the cause and being the same as I have already read as first certified). • It is claimed that this entry of May 4 not appearing in and of itself to have been made as of the January term, the court will presume, under the circumstances of the case, that it 'was entered of the term when it was actually made, that is, of the April te m, and that it cannot be considered as an entry appearing upon the January term of that court. We need not enter into a discussion of this proposition, because it has already been considered in the hearing of a case reoently, and the court held in that case, as it does in this, that this entry must be presumed to have been of tire January term — 'the trial term — and that we must consider the bill of exceptions as a part in the record in this case.
There was some' testimony delivered orally before the court on the trial of the case, but the large bulk of the evidence, however, had been taken in Chioago by way of depositions upon the part of plaiutiff and defendants below. There are many exceptions to the testimony — objections to questions, in these depositions taken in Chicago, but the record in this case simply shows that the plaintiff introduced such and such depositions, which are attached, and that the defendants introduced such and such depositions, and it does not appear that the court of common pleas was called upon to consider those objections, only, as appsars by the record, I think,in one instance, which appears on page 49 of the bill, when the deposition of Margaret A. Meinhart was presented, where this bill of exceptions shows this, as the action of the court of common pleas: “During the reading of the last mentioned deposition, the following question, on cross-examination, was objected tc, by the defendants, as irrelevant and incompetent, viz.: ‘Q. Did not you state to Mrs. Kellogg, one of the boarders in that house, that Mr. Blain and Mr. Meinhart, your husband, in your presence, said words to the effect that they would take Mrs. Parker in the house, get' her money, and then kick her out?’ Which said objection was by the court overruled; to which ruling the defendants by their counsel then and there excepted.”
And following that, is this statement by the court: “That is not admitted for the purpose of enabling the plaintiffs to afterwards contradict deponent’s statement on this subject made on cross-examination.”
*719 We have read the testimony in the case, of course including that which this objection calls in question,' and we are of opinion that, in view of the answer of the witness to this question, the defendants below were not prejudiced by the action of the court in this regard.
In its charge to the jury, the court gave a number of propositions as requested by the defendants below, and if it refused any, they are net set forth in the bill of exceptions and we will consider no claim of error regarding that. There are one or two that are modified by the court of common pleas,and an objection and exception was taken to that modification, by defendants. Without reading them, however, we will say that we are unable to see that the slight modifications that the court made to those requests were prejudicial, or that they made the charge of the court in that regard erroneous.
It was strongly objected that the court erred in its charge regarding the rule of damages of the case, the court’s charge in that regard being as follows:
“The injury is to be represented in damages; and the measure of damages would be: what would that property, as it was — on the basis as it was represented, and that re-rental, as it was represented — if it was falsely represented— w’hat would it have been worth to her if such representations had been true, and how much was it worth at the time of the sale, if these material facts were untrue. Now, the difference — if there is any — between what it would have been worth if tfie representations were all true, and what it was worth, those representations not being true, will be the amount of damages Mrs. Parker has suffered by reason of these things not being true. Now, what is that amount? That is for you to determine, if there is any such damages. ”
That is a part of the charge which was excepted to as not exhibiting the true rule of damages in the case.
The direot testimony did not indicate but that the value of the furniture in and of itself, if it were considered merely as to its general market value — no matter where it was — was, perhaps, less than what was paid for it, or agreed to be paid for it — five thousand dollars; hut it is claimed that the plaintiff below was induced to purchase it, which she otherwise would not have done, by these false representations regarding the value of the business about which it was used and about which it was iutended that the plaintiff below should use it, and that although the furniture considered in aiad of itself, regarding its market value, might have been *720 worth the five thousand dollars, yet if the plaintiff was induced to put her money into it and thereby embark in a losing business by reason cf these false representations, the measure of her damages would be — not what the market value of the furniture would differ from' the price which she agreed to pay for it, but the difference in its value to be used in that business, and what it would have been worth if the representations by which she was induced to purchase it had been true. It is perhaps a question of some nicety, exaotly what the true rule of damages would be, in a case of that kind, but ye are not satisfied and we do not feel at all clear but that the court of common pleas in its charge indicated the proper rule of damages. It would seem that under the ciroumstanoes if she was induced to put her money into a losing business by means of false representations, it could not be said that she lost nothing because the personal property which she bought was worth what she paid for it.
On the other hand, if it were insisted that the rule of ker damages was the difference in the profits which were represented to be in the business,that would leave an uncertainty regarding the matter because it did not appear how long she might have carried on that business and made the profit that the defendant, Meinhart, had been making, or how long a time it was contemplated between them that the business should be thus carried on.. The time was indefinite — she was simply to embark in the business of carrying on that house, which was a losing business, as it is claimed.
Now it occurs to us that the rule cf damages is as the court of common pleas laid it down — the difference in the value of what she bought in the situation it was, and what it would have been in that situation for the uses and purposes for which she bought it, if the representations had been true.
Objection is made that the verdiot on its face is improper, on account of its including interest — this being an action in tort. The verdict is as follows: “The jury empaneled in the above entitled action having been sworn well and truly to try the issue joined between the parties and a true verdict to render, for verdict find and say that we find for the plaintiff,and assess her damages at the sum of $2,075.00
“and interest 121.89
“Total, $2,196.89
The interest “$121.89” (in figures) is placed below the $2,075,and then those two sums are figured up and the word *721 “total” placed before the $2,196.39. It would seem that the jury found the amount of the damages at the same time it added $121.39 for interest.
In Lawrence Railroad Co. v. Cobb, 35 Ohio St., 94, the fourth proposition of the syllabus is as follows:
“4. In awarding damages for an injury resulting from a tort, compensation in the nature of interest may be included.”
The judge in delivering the opinion, says, upon that proposition: “Nor was there error in the charge of the court in respect to the amount of damages. The rule of damages in such case is compensation for the injury, or, in other words, that the injured party should be made whole. And while it is true that such a claim is not one, which under the.statute, bears interest, nevertheless, if reparation for the injury is delayed for a long time by the wrongdoer, the injured party cannot be made whole unless the damages awarded include compensation, in the nature of interest, for withholding the reparation which ought to have been promptly made.”
This question in Lawrence Railroad Co. v. Cobb, supra, was raised upon the charge of the court to the jury, and it did not appear in the verdict itself as plainly as in this case, that interest was in fact included; but the substantial statement of the jury in this verdict is that the total amount of the damages is $2,196.39, and it appears that in arriving at that they figured as interest $121.39; but we think under this authority that this was not improper; that they might lawfully do that, and therefore there was no error in the action of the court in rendering judgment on such verdict.
We come now to the other question presented: whether this evidence is sufficient to sustain the verdict against both Joel H. Norton and T. H. Meinhart. .
It will not be profitable,perhaps, for one to go ever, in detail, the points in the testimony — L have not time for that; but it is sufficient to say that we have read the testimony and. considered it carefully, with regard to Mr. Norton and with regard to Mr. Meinhart, separately — because it is claimed that whatever may be the force cf the testimony against Meinhart, it would not sustain the verdict as against Mr. Norton In considering the testimony, we think the evidence tended tc show at least that the charges in the petition against Meinhart were true. Of co-urse, there was evidence given both ways; but he admits squarely that he made substantially the representations which were charged *722 to have been made, but he says, on the other hand, that they were true. There is direct-testimony to the effect that they were true for the most part; but there is also testimony strongly tending to show that in a substantial degree they were not true, and, the jury having passed upon them, we do not think we are warranted in interfering with the verdict as to him.
The testimony regarding Mr. Norton might be considered in two aspects: The only aspect as to which we should consider it is, as to whether it substantiates the charge of the petition — that Norton aided and abetted Meinhart in the original fraud charged against him and which resulted in the injury to Mrs. Parker.
There is other evidence given in regard to . dealings with the mortgage which Mrs. Parker made over as a part of the purchase price, bearing upon the question as to whether or not Mr. Meinhart, or Mr. Norton, owns that mortgage, or whether Mr.Meinhart has any interest in it; but, as we look upon the case, as it is presented in this record for our consideration, we are simply to determine whether Mr. Norton was the aider and abettor and joined in the original fraud upon Mrs. Parker whereby he rendered himself liable to a persona] judgment for the amount of her damages. We find the evidence barren of proof that would fairly sustain the verdict as against Mr. Norton, as to his joining in the original fraud and deception by which Mrs. Parker was led inte this arrangement, and we think the judgment against Norton is not sustained by the evidence.
As regards the other questions — whether the evidence tended to show that Mr. Meinhart really had an interest in this, mortgage at the time it was sold, and that the money attached was really and properly attachable as the money cf Mr. Meinhart in this action — we think the record does net present that question to us cr call upon us for any decision or intimation of any opinion in regard to it.
Under the authority cf certain holdings of the supreme court — one cf which is in Rengler et ux. v. Lilly, 26 Ohio St., 43, we are authorized in an action of this character, to reverse the judgment as to one of the defendants and affirm it as to the ether.
The judgment is therefore affirmed as to Mr.' Meinhart; but, as to Mr. Norton, the judgment is reversed, and as to him, the verdict will be set aside and the cause will be remanded to the court of common pleas for new trial and for further proceedings according to law.